Case number 24-5152 et al. Arianna Cortes and Karen Logan, Appellants v. National Labor Relations Board. Mr. Solemn for the Appellants cross appellees, Arianna Cortes et al. Mr. Lohane for the Appellate cross appellant, National Labor Relations Board. Good morning, counsel. Mr. Solemn, please proceed when you're ready. Thank you. May it please the court. This court has jurisdiction because the declaration will have real meaning for the to the board. If Section 3A is unconstitutional, Wilcox is not a legitimate board member, and she could not decide any of my client's cases pending before the board because any decision she makes would be ultraviaries and would be inconsistent with the declaration, stating that the board has to conduct itself in a manner consistent with Article 2 and to be politically accountable. And without Wilcox, the board lacks a quorum and can't decide any case right now. This means that if Wilcox is on the board, a declaration definitely resolves the here and now injury of appearing before an official that has been lawfully removed and restored based only on a court order. And even if Wilcox is not on the board, because right now the Chief Justice's stay has not been resolved, a declaration still has real meaning because it effectively means Wilcox cannot be returned to the board. It could serve as a shield to prevent her from deciding any future case. So rather than resolving the issue, Wilcox's removal in the subsequent litigation and her subsequent litigation exacerbates the harm here. And the injury I would contend here is far more concrete now than it was at the beginning of this litigation or in any other separation of powers case that deals with the removal provision since Morrison. In Morrison, Free Enterprise Fund, Celia Law, and Collins, they were all brought by private citizens appearing before officials with unlawful tenure protections. But the president in none of those cases ever evidenced a desire to fire any of those officials. Yet the court still found those cases were ripe because of an injury of merely appearing before an official who's unlawfully protected by tenure protections. But here, Cortez and Karam are going to appear before an official who was removed and restored by a judicial order. Wilcox, who has a court order restored from the district court restored. We don't know what's going to happen. Why would any court decide such a constitutional question when, as you say, it is in fact not a here and now injury. It's a maybe or maybe not injury. Well, the stay is not permanent. The stay is a temporary suspension. I'm aware of that, but administrative stay is usually followed by either a denial or grant. So why would this court in advance at this time? Because there's no disagreement between you and the other side. I disagree about that, but I can agree. Well, I mean, let me finish off. No disagreement on the content of the declaration that you want. No disagreement about the legal rule that you want to have pronounced by a court, correct? About the declaration, they are still seeking a judgment, though, against my client. They have a cross appeal, and they say that they're entitled to judgment. So I think we're adverse on that basis. What judgment do they want? They want a judgment that the case is dismissed. I don't know if it's with prejudice, but they want judgment in their favor. Right, but that's just disagreeing about a jurisdictional question. Well, Collins is a merits question. What I'm asking, okay, but you don't get to that unless there's jurisdiction. So the first question is, is there any adversity? And as to that, you're both in agreement. There's adversity to the board. Even if the stay is continued, it has a real worth. I thought they were speaking for the board. Well, I'm going to say what my view is. They can speak for themselves. But I think this case is against the board. And the declaration would serve as a shield to Wilcox returning, because it means she couldn't return. But we don't know. Well, we don't know right now. Right now. So you're the one who said it was a here and now injury, but- Well, we don't know right now. It's a maybe, maybe not injury right now. Well, I still- It's a maybe, maybe not injury. So what I would say is our best case is if the stay is resolved and she's back on the board, right? But I would say still, there's still a here and now. That's our best case? I don't know what you want. What? Our best case for jurisdiction. Our best case for jurisdiction. Right. So, but I still- But litigation is what the status is right now. Again, it's a temporary rather than permanent right now. We know it'll be permanent, but- It would be weird- But what you have right now is exactly what you want to achieve. And they agree that that's the legal outcome. So I'm just, I'm still having trouble seeing the adversity today. But when Wilcox was on the board, because she was returned to the board for about three or four weeks, they decided roughly 15 cases. Those, we don't want the board deciding cases with her on it. If the stay is lifted, right? She'll be returned to the board. In the meantime- If the stay is retained, she won't be. So again, I'm asking you about, again- Because it would resolve her- We're in this in-between time and we don't, we tend not to, we assess whether there is adversity between parties at the time of our decision. And there isn't now. So I have two answers. One is it serves as a shield to her return. It would effectively end her case. It would stop the harm of that happening, right? Because if we won and Section 3A was unconstitutional, she has no right to return to the board. So it would have a real- The question is, does it have a real-world impact that would change how my clients and the board interface? And that would prevent someone from returning to the board. So that's a real-world impact. But second, that, even if you don't buy, that's a real-world impact. That's an argument for withholding the decision in this case until the stay has been resolved. But only until- Did you ask in your supplemental briefing for this case to be held in advance? No, because I don't think it needs to be. But that would be, that would be a, that would be an argument for stay. If you dismiss this case as moot, right, you don't- Why doesn't it need to be? Even in the best of all, if there isn't a jurisdictional problem, what you're basically describing is that we should decide this case to interrupt ongoing litigation over Wilcox's statement. Why would that be appropriate? Well, I think it's appropriate for a couple reasons. One is, if this court has jurisdiction, it has an unflagging duty to exercise that jurisdiction under Article 3, and it shouldn't put off that jurisdiction. Second, I think this case is just as important as Wilcox's, right? The separation of powers doesn't just protect president. It protects citizens appearing before a board. And that's why Morrison, Free Enterprise Fund, Celia Collins, all dealt with private parties challenging removal restrictions, and the court deciding those issues in turn. So you would, you would object to, even if we get past adversity, you would object to holding this case for the case that's about to be argued on Harrison-Wilcox? Yeah, yeah, yeah. And this case has also been pending for, you know, much longer than, than Wilcox v. Trump. So- I thought you just told me we could hold it in abeyance as your backup argument. Well, that's- Sounds like you said no. That, that's my, that's my, that's my backup argument. That's why I said, I don't want you to dismiss the case. You shouldn't dismiss the case. It's a hard no to the chief judge. But now you're saying that's plan B. Well, it's more like plan D or E. Because the first thing I want- How many other plans are there? We're only here on the jurisdictional question. I don't think we're just here on the jurisdictional question. Okay, well, that's all the district court decided. So, this court did not resolve the merits of this case. And so, if we're here on a jurisdictional question, and that were to be resolved, I don't know what all your other letters are between A and B, then either we say the court, district court was right, or the district court was wrong in its judgment finding no jurisdiction. And if we think it was wrong about that, we send it back for it to resolve the merits. So, I don't know what the DC- Well, the district court resolved two questions. One, it said we didn't have standing, and that that was wrong. And the board concedes that it was wrong. In any event, they're standing now because of the request for review. But second, the board also went and decided the Collins issue. And the Collins issue- Until you found a removal violation, right? Well, that's not what the board has said. They said, the board and the court said, we don't even have to decide the Humphreys case, the Humphreys issue, until you decide Collins first. Now, I think that's backwards, because the court in Collins decided the removal question, and then decided the remedial issue. And I think it's better seen as a remedial issue. But the court, the district court rejected Collins as a remedial issue and said, it's a question of the merits. It's an element of the claim. So, that still wouldn't have us deciding the merits of the removal authority. Well, the court can decline to go to the merits of the removal authority, but it's a pure legal question. There's no need to remand to the district court for further development about what Humphreys means. This court can decide that, especially if it has jurisdiction, and especially if we overcome the Collins roadblock. Although, I don't see it's a roadblock, because I don't think Collins applies. I had a question about where the district court decided standing, you know, at the time the district court was looking at the case. You were no longer before, or its rationale was you no longer had a proceeding before the board. Um, but I think, I think, and correct me if I'm wrong, throughout the district court litigation, you were a party in interest for the unfair labor proceedings. Do you have thoughts on whether that status is sufficient? I know you've got the, we were out and we were back in thing, but put that aside. Is that party and interest status sufficient to have kept you with a proceeding before the board? I think so. I definitely think so. Because the question, seeking any relief from in those proceedings, on the other hand, the board, the board sort of puts you in that, in that status. The board, it, you know, it's, it's not the best read to decide the case, right? And I think there's a much stronger read considering we have requests. I'm just asking the question. But, but yeah, I think so. Um, mostly because it's, it's an interest that we have before the board, right? And so the question is, is do you have business before the board? And the business is, is admittedly slight because it's dependent upon another case. But that case determined, the outcome of that case determines whether or not my clients had a substantive right to seek another election. So we still have business before the and we still want the board to conduct itself in a politically accountable way at that point. So, um, it's not the same as full party status. I'll admit that. And it's not a strong, but I think it's a basis. Okay. Oh, okay. We'll give you a little bit of time for questions. We'll hear from the board and give you a little time for, I'm sorry. I'm sorry. One more thing. Um, it wasn't crystal clear from your briefs, but I want to make absolutely sure. Have you fully abandoned your request for injunctive relief in this case or just on appeal? So, um, we, we have no, we have no, we, we don't want to seek an injunction at this point. Not at this point, at any point, at any point, right. At any point in this case, we've, we've, we've abandoned that argument, abandoned your request and your complaint for injunction. And if I can explain why, if I can explain why. Okay. But can you just answer my question? Yes. Permanently. Permanently. Um, I can explain why, um, an injunction and a declaration in this case have no meaningful difference. You don't have to take my word for it. That's the word of the board. The board at the district court said it opposed an injunction because it said a declaration would have the exact same effect as an injunction in this case. And they're right. It's been at least that crystal clear to me, whether you were just not, you're abandoning it for purposes of appeal or you are, you are fully abandoning for all time in this litigation, your request for injunction. We're not, we're not seeking an injunction because the declaration in this case before the board decides would have the same effect as an injunction. Thank you. Because, okay. Can I just give you what I'm going to ask you one more question? So your, your basic response on adversities, it seems to me, and I'd like you to explain why this is wrong, is that we should resolve the legal question in this case where no one disagrees about it to preempt it being resolved against you in a case where the parties do disagree. And that sets off every alarm bell I have of what, what it means to only resolve controversies with adverse parties. It seems to be exactly backwards. How would you dissuade me? I would, I would dissuade you of that because one is the board only changed its, as if it's an article three matter, right? If you don't have article three jurisdiction, then there is no, then you can't decide this case at all. But case after case, so if you look at Windsor, if you look at Celia, they're the government abandoned defending the statute and the court still decided the case, right? Because it's not an article three question. It's an, it's a, it's a prudential question. And in this case, I mean, I feel a little sandbagged because the government changed its position after almost two years of arguing six weeks ago, right? And the prudential question I think is just as strong in this case, because what you would be saying is we, I think this is just as important case as Wilcox. And the arguments are before the court in the board's briefs. The board hasn't withdrawn its briefs. The board just said, oh, we don't rely on it anymore. And the court, it's been Humphrey's month at the court, right? The court is well aware of all the issues with, with Humphrey's for and against. So, so put that all in one side, but to not decide this case would be saying that the court, it's the court's province to decide what the law is. And they're going to say, well, in this case, we're going to outsource that to the president because the president has made a differing opinion. We're going to let that differing opinion stand and not exercise our own jurisdiction to decide this case. And I think that's wrong. Any other questions? I can sit down. We'll give you a little time for rebuttal. Morning, your honors and may it please the court. My name is Patty Lahane. I am here on behalf of the NLRB. This case should be dismissed for lack of jurisdiction because the parties are not adverse. And even if they were, the district court correctly dismissed this case because appellants failed to demonstrate causal harm. Turning to the first and really the crucial point here is that appellants are ultimately seeking a declaratory judgment that removal protections for members of the NLRB are unconstitutional. The problem is that the NLRB is no longer defending a contrary position on the crucial underlying constitutional question at the heart of this case, the parties agree. And when litigants ultimately agree on the answer to the essential question presented and desire the same result, the parties are no longer adverse for article for purposes of article three jurisdiction. And when the government agrees with the litigant on a constitutional question and takes no action contrary to that to their asserted position, there's also no adverseness. The critical inquiry in adverseness case law is about whether the relief is going to have a real world tangible impact on the conduct of the parties. Here a declaratory judgment would essentially have no meaning or consequences for the parties in any practical sense. What the plaintiffs are asking for is a declaration that will merely affirm what both sides agree is the law. There's no immediate threat to be addressed here as evidenced by the appellant's arguments that they're not seeking injunctive relief. And the toothlessness of such a declaration is compounded by the fact that the executive branch is already conducting itself in accord with appellant's view of the law. Now, of course, there are instances where an agreement on a constitutional question did not extinguish the party's adverseness. Saleh law and Windsor both involve parties agreeing on a constitutional question but remaining adverse. But this case is not like Saleh law because the government continued to seek enforcement of a civil investigative demand despite agreeing on the merits of the constitutional claim. Here, the NLRB is not trying to enforce anything against them. Same for Windsor. The government agreed on the constitutionality of the Defense of Marriage Act but nevertheless withheld the plaintiff's estate tax refund. But again, the NLRB is not withholding anything from the appellants. In fact, both parties want the administrative case to proceed. The operative inquiry here relates to the impact of the relief on conduct. And the thing we disagree on is whether there should be a declaration. But that doesn't have anything to do with conduct. Nothing about our conduct changes. A declaration here would not require the government to do something it would not do or stop it from doing something it would otherwise do. At bottom, adverseness is necessary to ensure that the court is being asked to settle a bona fide dispute with real impact and import on the parties involved. And that just does not exist here. It's just as a practical matter. Maybe there's legal reasons you would just tell us not to issue a declaratory judgment. Why are you bothered by us issuing a declaratory judgment? Well, I think that there are institutional concerns for the agency to not want to grant declaratory relief purely on the basis of when an appellant has standing. And I think that there's good reasons also for the court to not grant declaratory relief when the plaintiffs aren't entitled to it because they haven't satisfied the elements of the claim. I mean, so you're protecting our interests. But I mean, in terms of your own, you're just worried about a precedent that allows for declaratory relief to be entered against the board. Is that the? Well, yeah, I think that there's a colorable argument to be made about the causal harm element of this case. But on the Collins issue. Right. Yes. But the primary overarching issue is it's a matter of jurisdiction. And because we're not adverse, there's just no jurisdiction to pass on that. We're just trying to get at practically. If everything you say is true, you might say, we don't care if you enter a declaratory judgment. And the fact that you're not might suggest your agency wants to be able to change its position or something like. Uh, well, I mean, I said my my my previous answer, I think that there's a, you know. Right. My point about institutional concerns, I think that the problem would be if, you know, this may be party specific relief and if it's party specific relief, then we're then, you know, we'll be faced with the deluge of of claims seeking declaratory relief just on the not necessarily on the basis of the causal harm. So it's an administrative problem. Can I just make sure I understand one part of the sequencing here, which is so you you did file a cross appeal as counsel on the other side mentioned? Yes. But I take it that you agree that if you were to prevail on your on the adverseness argument, that would result in a sustaining of the dismissal without prejudice. If you were if we could get past jurisdiction and got to Collins, then you would get a dismissal with prejudice. But you agree that we never get to that issue if we agree with you on adverseness. So the dismissal without prejudice is I'm sorry, the dismissal with prejudice is not in the field of vision at that point. Yes, I would be more robust relief. Yes, I think that. Yes, I agree. I think that would be we would be amenable to that. I think the crucial issue is that there's just isn't jurisdiction now anymore. Any questions for you? Can you just tell me quickly what it means when the court on its own or court when the board on its own makes someone a party and interest to another proceeding? So are they still before the in some sense? No, I think that that said, we're not letting you go away. We're throwing you into this. It seems almost like it's some sort of abeyance type ruling by the board. I think it I think that's a that's an accurate way to you're still a party before the board. Right. But when your case is an abeyance. Yes, but the business the business before the board is that you're waiting on the outcome of another case. That's what an abeyance. Right. And then and then a determination. But I wouldn't I wouldn't say that that's sufficient that you're not still a party to a case before. Right. I just think it's yeah, I just say we're held in abeyance. If we were to hold this case in abeyance, wouldn't the board still be a party to a case before this court? It's just a case that's held in abeyance. Well, I think the board would be a party. But I think again, I mean, what the operative thing would be is how the if this case was held in abeyance, how Wilcox came out. And depending on that, that that dictates whether I'm asking a procedural question, not for this case about whether. Right. They had a proceeding before the board throughout the time of the district court litigation because their their case was essentially held in abeyance. Yeah, I I don't think that that would that that that would constitute being a party before the board. But I think the unfair labor practice proceeding was resolved. Did they have to make a whole new filing or did they just renew their pre-existing filings? They had to refile. They had to I believe they had to refile with the regional director their petition. And then the same petition. Right. They just sort of give notice that we're now reactivating it. No, I believe that they I believe that they had to file a new petition with with the board seeking a decertification election. And then and then we started this. Well, then it's not held in abeyance. It's not in abeyance. OK, they have to file a whole. It's just really confusing. Yeah, I believe that that's the case. Yes. Thank you, counsel, unless you have anything further. No, I don't. I do. Thank you. Thank you. First of all, we'll give you two minutes for rebuttal. I don't think I need that procedural question after the cases were held. The cases were held for the unfair labor practice. Did you have to file it was as if you had never filed before you had to file a new one or did you know, I've done I've done this before this and this is what we did in this case. We just emailed the regional director of the parties and we said this that the case has been resolved. We're asking for to reopen the case. We didn't have to have a whole new filing file. Any new filing? No, no, no. Sprung back to life. So notify them that it was back to life in your view. Right. Exactly. And that we were just seeking reinstatement at that point of the same case. So just just to give the court a little idea, when you file a petition, you file the showing of interest confidential with the board. You file an actual form that describes the unit, describes the election you're seeking, gives election dates. We didn't do any of that. All we just said is renew our old one. Right. OK. So just moving to the substance of it, Wilcox's return is like a sort of Damocles hanging over our head. And as long as Wilcox's return is out there, either thinking of it as a court of the court, the district court order, which or thinking of it as when the stay is resolved, that will mean the NLRB is not conducting itself in accordance with Article two. And that means we definitely have adversity. Now, I would I would only I would just want to close really quickly with this is the board is really, really resisting any kind of a declaration, even though they say that they agree that the on the merits. And the question is why? And I think it's kind of a weird Kafkaesque position, right? They say under Collins that you can't state a harm until the president has evidenced a desire to fire someone or actually fired someone. And then when the president fires someone, they turn around and say, oh, well, it's too late. You can't state a case. So at what point could you state possibly state a case under the board's position? I don't know. OK. Any other questions? Thank you. Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan; Millett; Garcia